UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Peter Earl Dahl,<br><br>Defendant. | Case No. 20-cr-55 (SRN)<br><br><br>**ORDER** |

Craig R. Baune, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415; Robert M. Lewis, United States Attorney's Office, 316 North Robert Street, Suite 404, St. Paul, MN 55101, for Plaintiff.

Paul C. Engh, 650 Third Avenue South, Suite 260, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Motion for Reconsideration [Doc. No. 36] filed by Defendant Peter Dahl. Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court affirms its Preliminary Order of Forfeiture [Doc. No. 30] and **DENIES** the motion.

I.  BACKGROUND

Mr. Dahl pleaded guilty to two counts of wire fraud and filing a false income tax return. (Plea Agreement [Doc. No. 11].) Subsequently, the Court granted the United States' Motion for a Preliminary Order of Forfeiture and entered a money judgment forfeiture against Mr. Dahl in the amount of $1,470,500. (Preliminary Order of Forfeiture 1.) With

1

the Court's permission, Mr. Dahl moved the Court to reconsider that Order, asserting that the $1,470,500 figure rested on an incorrect factual premise. Namely, Mr. Dahl asserts that the forfeiture amount was calculated based on the $1,500,000 sale of Crown Bank shares brokered by Mr. Dahl, a sale from which Mr. Dahl argues he did not take proceeds or otherwise financially benefit. (Mot. for Reconsideration [Doc. No. 36], at 1-2.) Mr. Dahl also asserts that by including the value of the Crown Bank share sale, the forfeiture amount is unconstitutionally excessive. (*Id.* at 2-3.)

## II.   DISCUSSION

"Proceeds" of wire fraud subject to forfeiture include "property of any kind obtained directly or indirectly, as the result of" the fraud. 18 U.S.C. § 981(a)(2)(A). Unlike restitution, the amount of forfeiture is based on the defendant's gain from the crime, not the loss caused to the victim. *United States v. Adetiloye*, 716 F.3d 1030, 1041 (8th Cir. 2013); *United States v. Luna*, 968 F.3d 922, 931 (8th Cir. 2020) ("The focus shifts from the 'victim's losses,' to the '*gross* proceeds traceable to the commission of the offense.'" (citations omitted)).

Here, the Court's Preliminary Forfeiture Order was based primarily on the benefit Mr. Dahl received from the nominee loans and kiting components of the offense, not the $1,500,000 sale of Crown Bank shares. As summarized in the United States' sentencing memoranda, Mr. Dahl's fraud included a combined $420,000 for purported Crown Bank offerings to J.W. and A.B., a combined $825,000 in nominee and direct loans to Mr. Dahl, and a $150,000 loan guarantee. (Response Regarding Sentencing [Doc. No. 27], at 2.) These sums add up to $1,395,000 in direct or indirect financial benefits Mr. Dahl received

as a result of the offense. The Court's Preliminary Forfeiture Order also includes an additional $75,500, which represents the difference between the sums P.H. and J.S. paid for the $1,500,000 Crown Bank share sale and the amount Crown Bank paid them to settle their claims. (*See id.*) Insofar as Crown Bank's payment to P.H. and J.S. settled the victims' claims against Crown Bank and Mr. Dahl for the $75,500 the victims were not reimbursed by Crown Bank, the $75,500 figure represents an additional financial benefit Mr. Dahl received as a result of the offense. Thus, the $1,470,500 forfeiture amount did not presume that Mr. Dahl took possession of the $1,500,000 proceeds of the Crown Bank share sale.

For similar reasons, the Court finds Mr. Dahl's Eighth Amendment argument unpersuasive. "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *United States v. Bajakajian*, 524 U.S. 321, 334 (1998) (citing *Austin v. United States*, 509 U.S. 602, 622–23 (1993)). "[A] punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." *Id.* Mr. Dahl argues that the forfeiture amount is grossly disproportional to the gravity of the offense, in essence, because "[t]here is no remedial purpose to be served by forfeiting the value of a stock transaction, for which Mr. Dahl was not compensated, and from which the United States lost nothing." (Mot. for Reconsideration 2-3.) But the Preliminary Forfeiture Order does not in fact include the value of the Crown Bank share sale. Moreover, the $1,470,500 forfeiture amount is not "grossly disproportional" to the nominee loan and kiting components of the offense—which account for $1,395,000 of the forfeiture amount and

which Mr. Dahl admitted generated at least $720,000 in unreported taxable income in 2016 alone. (Plea Agreement 4.)

Accordingly, the Court finds that the Preliminary Forfeiture Order did not depend on an incorrect factual premise, and the forfeiture amount does not violate the Eighth Amendment. The Court therefore denies Mr. Dahl's Motion for Reconsideration.

### III.   CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration [Doc. No. 36] is **DENIED**.

**IT IS SO ORDERED.**


Dated: January 7, 2021                                       s/Susan Richard Nelson
                                                             SUSAN RICHARD NELSON
                                                             United States District Judge